IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-40-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TONY MILLER, | ) | |
| Defendant. | ) | |

On May 13, 2020, Tony Miller ("Miller") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a memorandum in support [D.E. 56, 67]. On October 27, 2020, the United States responded in opposition [D.E. 71]. As explained below, the court denies Miller's motion.

I.

On August 6, 2012, pursuant to a written plea agreement, Miller pleaded guilty to possession with the intent to distribute a quantity of cocaine base (crack), cocaine, and a quantity of marijuana (count one), and felon in possession of a firearm (count two). See [D.E. 28, 30]. On December 11, 2012, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 42, 43, 44]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Miller's total offense level to be 29, his criminal history category to be VI, and his advisory guideline range to be 151 to 188 months' imprisonment on count one and 120 months' imprisonment on count two. See [D.E. 44] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Miller to 151 months' imprisonment on count one and 120

months' concurrent imprisonment on count two. See [D.E. 43] 2. Miller did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1.  Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 283–84. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020);

---

    (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Miller's request for compassionate relief, Miller has not exhausted his administrative remedies. See [D.E. 71] 16–17; [D.E. 71-2]; [D.E. 71-3]. Specifically, Miller fails to allege, and nothing in the record suggests, that Miller submitted a compassionate release request to the BOP. See [D.E. 56, 67, 71-2, 71-3]. The government has invoked section 3582's exhaustion requirements. See [D.E. 71] 16–17. Because Miller failed to submit his compassionate release request to the BOP before moving for a sentence reduction, Miller has failed to satisfy section 3582's exhaustion requirement, and the court dismisses without prejudice Miller's motion. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).

Alternatively, even if Miller did exhaust his administrative remedies, the court denies the request. Miller seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Miller cites the COVID-19 pandemic and his stage four nasopharyngeal cancer. See [D.E. 56]; [D.E. 67] 1–2, 4.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). While Miller states that he has stage four cancer, Miller has not demonstrated that he is not going to recover or that his cancer cannot be treated while Miller serves his sentence. Accordingly, reducing Miller's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic and Miller's cancer are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence

5

of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Miller's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Miller is 49 years old and engaged in very serious criminal behavior during 2011 and 2012. See PSR [D.E. 40] ¶¶ 3–5. Miller's offense conduct involved distributing cocaine base, cocaine, and marijuana from his residence, using an adjacent residence to store controlled substances, and possessing a firearm in connection with his drug trafficking. See id. Moreover, Miller is a violent career offender whose criminal history includes convictions for assault with a deadly weapon inflicting serious injury, assault inflicting serious injury, attempted escape from jail, and habitual felon. See id. at ¶¶ 7–40. Miller's criminal history also details an extensive history of drug crimes, including maintaining a vehicle/dwelling/place for controlled substances, possession with intent to sell and deliver cocaine (three counts), sell cocaine (three counts), possession of marijuana, possession of cocaine, and possession of drug paraphernalia. See id. Miller also has convictions for communicating threats, break into a currency machine, possession of stolen goods (three counts), and larceny (eleven counts). Courts repeatedly revoked Miller's probation and parole, and he committed new crimes while on probation. See id.

The court also has considered Miller's potential exposure to COVID-19, his medical condition, and his lack of release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Miller, the section 3553(a) factors, Miller's arguments, the government's persuasive response, and the need to punish Miller for his criminal behavior, to incapacitate Miller, to promote respect for the

6

law, to deter others, and to protect society, the court declines to grant Miller's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Miller's request for home confinement, Miller apparently seeks relief under the CARES Act. See [D.E. 56] 2. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Miller's request for home confinement.

II.

In sum, the court DENIES Miller's motion for compassionate release [D.E. 56] and DISMISSES his request for home confinement.

SO ORDERED. This 14 day of January 2021.

JAMES C. DEVER III
United States District Judge